**Opinion issued April 30, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00220-CR

———————————

**CORNELIUS E. ANDERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1562518**

---

## MEMORANDUM OPINION

Appellant, Cornelius E. Anderson, pleaded guilty, with an agreed recommendation from the State of six years deferred adjudication, to the offense of aggravated assault of a family member with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE § 22.02. The trial court found sufficient evidence to

find appellant guilty, but deferred making any finding regarding appellant's guilt and placed appellant on community supervision for a period of six years. *See* TEX. CODE CRIM. PROC. art. 42A.101. The State then filed a motion to adjudicate appellant's guilt, alleging that appellant failed to report to his probation officer as directed on November 30, 2017 and February 6, 2018. *See id.* art. 42A.108. The State filed a supplemental motion to adjudicate guilt, alleging that appellant assaulted a public servant. Appellant pleaded not true to assault of a public servant, but pleaded true that he did not report. After a hearing, the trial court found that appellant committed a violation of his community supervision, adjudicated appellant guilty, and sentenced appellant to eight years in prison. *See id.*; TEX. PENAL CODE § 12.33. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S.

at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Appellant filed a response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Sharon E. Slopis must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

---

[1]  Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Kelly and Goodman.

Do not publish.   TEX. R. APP. P. 47.2(b).